UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Michael Crawford, Sr., | ) C/A No.: 4:08-4092-GRA-TER |
|           Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Ray Nash, Sheriff, | ) |
|           Defendants. | ) |

Plaintiff files this matter *pro se* pursuant to 42 U.S.C. § 1983 against Sheriff Ray Nash. According to the complaint, plaintiff is currently detained at the Dorchester County Detention Center (Detention Center). Plaintiff alleges he is entitled to the use of a law library as a pre-trial detainee. He states he has filed grievances about this issue but has been told he must contact his public defender. Plaintiff claims this is a violation of his right to due process. He also alleges he has the right to "prepare [his] own defense." Plaintiff seeks damages and asks that the Detention Center be ordered to "...install, and maintain a working ....law library..." and also "...a computer with the latest updated Law Info...."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal

district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiffs' allegation relating to the lack of access to a law library at the Detention Center does not raise a cognizable § 1983 claim. Longstanding case law in this circuit provides that if a pre-trial detainee has an attorney – or is offered counsel but waives his or her right to counsel – he or she has no constitutional right of access to a law library or to legal materials. *See United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978). In *United States v. Chatman*, the Court concluded that *Bounds v. Smith*, 430 U.S. 817 (1977), was not applicable to a pre-trial detainee:

> We do not read *Bounds* to support that conclusion. *Bounds* was concerned with the rights to equal protection and to access to the courts of prisoners who sought to invoke post-conviction relief ... *Bounds*, of course, has no direct application to defendant. He was accused of a crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But, even so, we do not read *Bounds* to give an option to the *prisoner* as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that *Bounds* has any application to the instant case, the United States satisfied its obligation under the sixth amendment when it offered the defendant the assistance of counsel which he declined. We so hold. *Cf. United States v. West*, 557 F.2d 151 (8th Cir. 1977).

*United States v. Chatman*, 584 F.2d at 1360 (italics in original). *Cf. Lewis v. Casey*, 518 U.S. 343 (1996).

The United States Court of Appeals for the Fourth Circuit has also ruled that the Constitution

of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Magee v. Waters*, 810 F.2d at 452. *See also Cruz v. Hauck*, 515 F.2d 322, 331-333 (5th Cir. 1975). In *Cruz v. Hauck*, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." *Id.*, 515 F.2d at 331 (emphasis added).

Additionally, in *Magee, supra,* the court held that a lack of access claim should be dismissed if the plaintiff fails to allege a specific problem he wishes to research and further fails to show actual harm or specific injury as a result of the denial. For the foregoing reasons then, the allegation pertaining to the lack of access to a law library must be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                        s/Thomas E. Rogers, III
                        Thomas E. Rogers, III

February 11, 2009                United States Magistrate Judge
Florence, South Carolina

*<u>The plaintiff's attention is directed to the important notice on the next page.</u>*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).